OPINION OF THE COURT
John G. Connor, J.
This action is brought under the provisions of article 7-A of the State Finance Law (Citizen Taxpayer Actions) for a judgment declaring that defendants, their agents and employees, have caused, are now causing, or are about to cause a wrongful expenditure, misapplication, misappropriation, or other illegal or unconstitutional disbursement *1084 of State Home Energy Assistance Program (HEAP) funds. This action is also brought, pursuant to section 1983 of title 42 of the United States Code for a judgment declaring that defendant Perales, his agents and employees have, under color of State law, deprived plaintiff Kafer of his rights, privileges, or immunities secured by the Fourteenth Amendment to the Federal Constitution and the Federal laws which established the HEAP program (US Code, tit 42, § 8621 et seq.). The relief sought includes a permanent injunction, pursuant to section 123-e of the State Finance Law and section 1983 of title 42 of the United States Code and, pursuant to section 123-g of the State Finance Law and section 1988 of title 42 of the United States Code, reasonable attorney’s fees, costs, disbursements, and expenses herein.
Prior to July 1,1981 New York State households receiving home relief (hereafter HR) received a grant consisting of components (a) food, clothing and incidentals; (b) shelter, and (c) fuel for heating where heat was not included in the rent.
A fourth component was included in the grant to cover (partially) utility costs for lights, hot water and cooking. This component is known as the “Home Energy Grant” and is equal to 15% of the component (a) (Social Services Law, § 131-a, subd 3-c). All components were State funded.
The Congress of the United States enacted the “Low Income Energy Act of 1981” which authorized grants to States to assist eligible households to meet the cost of home energy. (US Code, tit 42, § 8621, subd [a].) The term “home energy” is specifically defined as a source of heating or cooling in residential dwellings. (US Code, tit 42, § 8622, subd [3].)
Under section 8624 (subd [b]) of title 42 of the United States Code, the State’s application for these funds are required to certify that the State agrees (1) to use the funds to assist eligible households to meet the cost of home energy (heating or cooling) and otherwise in accordance with the requirements of the Federal home energy assistance legislation (HEAP), and (2) not to use such funds for any other purposes. (US Code, tit 42, § 8624, subd [b].)
*1085 Payments of such HEAP funds were required to be made to households (A) receiving Aid to Dependent Children (ADC), supplemental security income payments under the Social Security Act, food stamps, veterans and survivor pensions or (B) households with incomes which do not exceed the greater of (i) 150% of poverty level or (ii) 60% of the State median income (US Code, tit 42, § 8624, subd [b], pars [1], [2]) and to provide the highest level of assistance to households which have the lowest incomes and the highest energy cost in relation to income. (US Code, tit 42, § 8624, subd [b], par [5].)
As a result of the New York State adoption of chapter 53 of the Laws of 1983, HEAP funds were substituted for the home energy grant. The purpose of the home energy grant is lights, hot water, cooking and heating.
Plaintiffs moved for a preliminary injunction and for summary judgment in June, 1983; defendants cross-moved for summary judgment. The court at that time denied the part of plaintiffs’ motion seeking the preliminary injunction but did not determine the plaintiffs’ motion for summary judgment. The defendant’s cross motion for summary judgment was denied.
Plaintiffs thereafter sought leave to renew the aforesaid motion; this application was also denied.
The court must now address plaintiffs’ motion for a further decision upon plaintiffs’ prior motion for summary judgment.
The transfer of HEAP funds to the HR program for utilities diminishes the fund made available by the Federal Government for the purpose of heating or cooling in residential dwellings.
In Schmiege v Secretary of Agric. of U. S. (693 F2d 55) the United States Court of Appeals, Eighth Circuit, considered a similar factual situation. There, the legislation (US Code, tit 42, § 8624, subd [f]) provided that home energy assistance payments should not be considered income or resources of the recipient household for food stamp purposes. The Secretary of Agriculture calculated benefits by disallowing the home energy costs as deductions, rather than adding the amount of the grants to the income side of *1086 the equation. The court held (Schmiege v Secretary of Agric. of U. S., supra, p 56) “But the bottom line controlling the amount of benefits is the same whether income is increased or deductions decreased. In either case the recipient’s grant is diminished, contrary to the intent of Congress.”
South Dakota’s distribution plan, which in part reduced the energy grants to persons in subsidized housing, was held in Clifford v Janklow (733 F2d 534 [CA 8th]) to violate the Low Income Home Energy Assistance Act of 1981 (US Code, tit 42, §§ 8621-8629). This plan was held to violate section 8624 (subd [b], par [5]) of title 42 of the United States Code “because it singles out subsidized housing residents for differential treatment and then does not pay the highest level of assistance available under the Act to those class members who have the highest energy costs in relation to income.” (Supra, p 541.)
Since a reduction in benefits for one class (subsidized housing recipients) is invalid, the court must hold invalid the increase in benefits to a particular class (home relief households) which increase necessarily diminishes the funds available to other classes. HR households receiving HEAP funds both for heating and for utilities are receiving a greater share of HEAP funds than non-HR households, contrary to the heating cost to income ratio mandated by Federal law.
The defendants contend that the Federal HEAP statute permits transfer of up to 10% of the funds allocated. While this is correct, the funds so transferred must be transferred only to specified programs. Utility expenses, even though called “Home Energy Grant” are not included in those designated permissible.
A person who under color of any statute, deprives another of any civil rights shall be liable to the injured party (US Code, tit 42, § 1983). In such action or proceeding the court may allow reasonable attorney’s fees to the prevailing party. (US Code, tit 42, § 1988.)
Such an award, however, is discretionary with the court. In the instant case, it does not appear that defendants intended to discriminate against any particular class; rather, the defendants’ interpretation of the statute and *1087 their implementation thereof were based upon concern for the fiscal policy of the State of New York and the expeditious distribution of HEAP funds to the needy within the State. Nothing before the court demonstrates the defendants were obdurate or obstinate in the implementation of this program. Attorney’s fees under the Federal statute are accordingly denied.
Section 123-g of the New York State Finance Law permits an award of attorney’s fees in citizen-taxpayer actions but only from a fund established by section 123-h of the State Finance Law. (New York Public Interest Research Group v Steingut, 40 NY2d 250, 261.) There is nothing before this court to indicate a section 123-h fund exists or if it exists, the amount of money therein. No attorney’s fees are allowed to plaintiffs under the State Finance Law.
Plaintiffs are entitled to a further decision on the ground that their prior motion(s) for summary judgment were not addressed; plaintiffs are awarded summary judgment and defendants are enjoined from providing HR recipients with the additional HEAP grant, that is, the amount required to the component of the State public assistance grant known as the “home energy grant.”
Defendants’ motion for summary judgment is denied.