■ STATE COMMUNITIES AID ASSOCIATION et al., Appellants-Respondents, v EDWARD REGAN, as Comptroller of the State of New York, et al., Respondents-Appellants.—Mikoll, J. Cross appeals from an order and judgment of the Supreme Court at Special Term (Connor, J.), entered January 7, 1985 in Albany County, which, *inter alia,* granted plaintiffs' motion for summary judgment and denied plaintiffs' application for costs, including counsel fees.

This action was commenced by the State Communities Aid Association, a nonprofit membership corporation organized to foster humane policies, Statewide Senior Action Council, Inc., a not-for-profit corporation organized to advance interests of elderly persons with a low income, Carol Bellamy, President of New York City Council, and John Kafer, a recipient of Low-Income Home Energy Assistance Program (HEAP) funds. Plaintiffs commenced the action by order to show cause pursuant ·to State Finance Law § 123-c (4). After a hearing and other procedural activities, Special Term granted plaintiffs' motion for summary judgment, finding that the transfer of HEAP funds violated Federal law (*see, State Communities Aid Assn. v Regan,* 125 Misc 2d 1083). Special Term ordered that an amount equal to funds that had been transferred be allocated to the 1984-1985 State HEAP program from State funds. Special Term denied counsel fees under 42 USC § 1988 and State Finance Law § 123-g. Both plaintiffs and defendants appeal the order and judgment entered on that decision.

To meet the increased cost of home energy, the Federal government enacted HEAP in 1981, a block grant program, whereby a State submits an application to the Secretary of Health and Human Services (Secretary) and the Secretary grants funds to be disbursed to eligible recipients to meet the cost of home energy (42 USC §§ 8621-8629). Although the grant has limited regulations, HEAP funds must be used to provide the highest level of assistance to households with the lowest incomes and the highest energy costs in relation to income (42 USC § 8624 [b] [5]).

New York State provides public assistance to those who have inadequate income (Social Services Law § 131). Effective July 1, 1981, those receiving public assistance were granted an

additional component, a "home energy grant", to subsidize household utility costs (Social Services Law § 131-a [3-c]). Due to fiscal problems, the State Legislature discontinued the "home energy grant" component of public assistance, but substituted HEAP funds in its place (L 1983, ch 53). This substitution of funds for Home Relief (HR) households occurred from April 1, 1983 through September, 30, 1983 (L 1983, ch 53).

We first take up the issue raised by defendants' contention that plaintiffs have no standing to challenge their actions. It is our conclusion that plaintiffs have standing to bring this action under State Finance Law § 123-b and 42 USC § 1983.

Standing of a taxpayer must be accorded where failure to allow standing would in effect erect an impenetrable barrier to any judicial scrutiny of legislative action (*Boryszewski v Brydges,* 37 NY2d 361). This was the reason for the enactment of State Finance Law article 7-A (*see, Elia Bldg. Co. v New York State Urban Dev. Corp.,* 54 AD2d 337). The "public interest" of a governmental action was the test established for standing under State Finance Law article 7-A (Memorandum of Welfare Inspector General, Aug. 6, 1975; Governor's Bill Jacket, L 1975, ch 827). Construing State Finance Law § 123-b liberally, "state funds", as used therein, includes the Federal grant at issue herein.

Plaintiff Kafer alleges a violation of a Federal statute seeking relief under 42 USC § 1983. In order to acquire standing to bring an action under 42 USC § 1983 to enforce rights granted by a Federal statute, the statute must provide a substantive right to the individual and the statute must not contain exclusive remedies (*Pennhurst State School & Hosp. v Halderman,* 451 US 1, 28; *Maine v Thiboutot,* 448 US 1, 4-8). Plaintiff Kafer contends that his HEAP benefits would have been greater if the program was properly administered. He thus asserts a violation of his recognized substantive rights as a person eligible to receive assistance (*Boles v Earl,* 601 F Supp 737, 743). Although withholding funds is a remedy for violation of HEAP mandates, it is not exclusive (*supra*). Accordingly, plaintiff Kafer has standing under 42 USC § 1983 (*see, Crawford v Janklow,* 710 F2d 1321, 1326).

Special Term properly found that the transfer of HEAP funds to HR funds was a violation of Federal law. Use of HEAP funds as a substitute for the "home energy" category was a misapplication of HEAP funds. HR households received HEAP funds both for the energy component of HR and the

HEAP subsidy itself, while qualified non-HR households only received the HEAP subsidy. Such transfer of these funds violated Federal law. The HEAP funds were used for elements of life which were related to heating but not exclusively home energy, i.e., clothing (see, Social Services Law § 131-a [3-c]). This action of the State was not in accord with the purposes set by Federal law. HEAP funds must be used to assist eligible households meet the cost of home energy (42 USC § 8621 [a]). Home energy is defined as "a source of heating or cooling in residential dwellings" (42 USC § 8622 [3]).

Further, the transfer of the funds violated 42 USC § 8624 (b) (5). By allowing HEAP funds to substitute for the energy part of HR, the class whose benefits increased is determined exclusively by being an HR recipient, and not by any income-energy-cost ratio mandated by Federal law (42 USC § 8624 [b] [5]). However, plaintiffs' contention that the transfer of the funds violated the "need" test of the State Constitution (NY Const, art XVII, § 1; Social Services Law § 131-a [1] [2]) is rejected. No HR recipient was denied any funds and the fact that HEAP funds are used does not cause any detriment. Further, HR recipients did not lose any property so as to mandate a due process hearing.

Defendants correctly argue that Special Term abused its discretion by requiring a transfer of State funds into HEAP for use in 1984-1985 to equal any funds expended for HR households upon the authority of the Laws of 1983 (ch 53). Cases analyzing whether retroactive reimbursement of funds should be made focus on the equitable interests of fairness and justice (see, New York Public Interest Research Group v Steingut, 40 NY2d 250, 261). Moreover, courts have not required restitution of moneys expended under laws subsequently declared void (see, Lemon v Kurtzman, 411 US 192; see also, Hurd v City of Buffalo, 41 AD2d 402, affd 34 NY2d 628). Since the restitution ordered would not cure any inequity, it was improper to require it (see, Stetler v McFarlane, 230 NY 400, 414; see also, Stevens v Califano, 448 F Supp 1313, 1324).

Finally, Special Term also abused its discretion by failing to grant counsel fees for the cause of action under 42 USC § 1983; Special Term was, however, correct in not awarding counsel fees pursuant to State Finance Law § 123-g.

The Civil Rights Attorney's Fees Awards Act of 1976 (42 USC § 1988) authorizes a court to award reasonable counsel fees in an action under 42 USC § 1983 (Webb v Board of Educ., 471 US —, 105 S Ct 1923). The statutory language creates a presumption of the awarding of counsel fees to the

prevailing party (see, Zarcone v Perry, 581 F2d 1039, 1042, cert denied 439 US 1072). Special circumstances which would prevent the award of such fees have not been demonstrated here and counsel fees must therefore be awarded for the fifth cause of action (see, Gates v ITT Continental Baking Co., 581 F Supp 204, 211). Therefore, the case should be remitted to Special Term so that reasonable counsel fees can be determined. In determining the award, Special Term should provide a clear explanation of its reasons for the award (Hensley v Eckerhart, 461 US 424, 437). Defendant's contention that plaintiff Kafer did not win his claim under 42 USC § 1983 is unpersuasive. Plaintiff Kafer achieved the goal of stopping the transfer of HEAP funds and the lawsuit caused this action (see, Joseph v Ruffo, 101 AD2d 664, affd 64 NY2d 980; Hennigan v Ouachita Parish School Bd., — F2d —, 53 USLW 2378 [5th Cir]).

Award of counsel fees under State Finance Law § 123-g is purely discretionary (New York Public Interest Research Group v Steingut, supra). Special Term found that defendants' actions were not malicious. This was an adequate basis for the denial of counsel fees.

Order and judgment modified, on the law, with costs to plaintiffs, by reversing so much thereof as required restitution of the HEAP funds and denied plaintiffs counsel fees under 42 USC § 1988; matter remitted to Special Term for a determination of counsel fees; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur. [125 Misc 2d 1083.]