■ DORIL RODRIGUEZ et al., Respondents-Appellants, v OR-ANGE AND ROCKLAND UTILITIES, INCORPORATED, Appellant-Respondent.—In an action to recover attorney's fees pursuant to 16 USC § 2632, the defendant appeals (1) from so much of an order of the Supreme Court, Rockland County (Burchell, J.), entered on or about December 6, 1984, as denied the defendant's motion for summary judgment and granted the plaintiffs' cross motion for summary judgment, and (2) as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Burchell, J.), entered June 24, 1985, as, upon reargument, adhered to the original determination, except to the extent that the court conditioned the entitlement to attorney's fees upon the absence of an alternative means of representation as defined in 16 USC § 2632 (b), and the plaintiffs cross-appeal from so much of the order entered June 24, 1985, as conditioned the award of attorney's fees upon the plaintiffs demonstrating the nonexistence of an alternative means of representation.

Appeal from the order entered on or about December 6, 1984 dismissed. That order was superseded by the order entered June 24, 1985, made upon reargument.

Order entered June 24, 1985 modified, on the law, by deleting the provision thereof requiring the plaintiffs to demonstrate the nonexistence of an alternative means of representation. As so modified, order affirmed insofar as appealed from.

The plaintiffs are awarded one bill of costs.

The plaintiffs, who are low-income consumers of electrical power provided by the defendant pursuant to the Public Utility Regulatory Policies Act of 1978 (hereinafter PURPA), successfully intervened in a rate-making proceeding which had been conducted by the New York State Public Service Commission to consider a request by the defendant for a rate increase. At said hearing, the plaintiffs were represented by the Public Utility Law Project (hereinafter PULP), a State and Federally funded law firm which was organized to represent the interests of low-income utility consumers of New York State before State administrative agencies. The plaintiffs were never charged by PULP for the legal representation provided at the hearing. During the course of the rate proceedings, PULP actively participated by presenting expert witnesses and by effectively cross-examining the experts presented by other parties. At the conclusion of the hearing, PULP moved for and ultimately obtained a declaration from

the Public Service Commission that the law firm had made a "substantial contribution", within the meaning of PURPA, to the adoption of certain Federal electric rate standards. The plaintiffs thereafter commenced the instant action to recover attorney's fees as well as the costs and disbursements incident to their successful intervention in the rate-making proceeding, pursuant to 16 USC § 2632, which specifically provides for an award of counsel fees and costs to consumers who have "substantially contributed" to the approval of a position advocated by such consumer before a State regulatory authority.

Following joinder of issue, both parties moved for summary judgment. The defendant, in support of its position, argued that, as a matter of law, it could not be held liable for attorney's fees inasmuch as the plaintiffs had been represented by a publicly funded law firm and, therefore, did not incur any legal expenses. The plaintiffs, on their part, contended that the clear legislative intent of PURPA was to give utility consumers access to legal and technical representation before the State regulatory agency, and that the award of attorney's fees was authorized by the statute to compensate for the services rendered in connection with successful intervention in a rate-making proceeding. The plaintiffs further maintained that the defendant's liability for said fees could readily be decided solely by reference to the motion papers and that the matter was, therefore, ripe for summary disposition.

In December 1984 Special Term, relying upon the decision of the Supreme Court, Onondaga County, in *United Tenants v Niagara Mohawk Power Corp.* (127 Misc 2d 957, *affd* 115 AD2d 978), which addressed virtually the identical issue raised herein, held that the intervenor-plaintiffs, who were found to have made a "substantial contribution" to the rate-making process, were statutorily entitled to an award of attorney's fees, notwithstanding the fact that the plaintiffs did not actually incur any legal fees, having been represented by a publicly funded law firm. The court noted, however, that once the fees for services rendered were fixed, the defendant would be entitled to an offset against the amount of the award for any grants received by PULP from public sources in connection with the performance of the services provided.

Subsequent to the issuance of the foregoing order, the defendant moved for reargument on the ground that Special Term had either overlooked or neglected to consider that pursuant to 16 USC § 2632 (b), entitlement to attorney's fees is conditioned upon the absence of alternative means of ade-

quate representation or of compensation for the services actually rendered. More specifically, the defendant alleged that the New York State Consumer Protection Board (hereinafter CPB), which was created in 1970, and is statutorily empowered to represent consumer interests in proceedings conducted before regulatory agencies *(see,* Executive Law § 553 [3] [d]), having similarly intervened in the rate-setting proceeding, constituted sufficient "alternative means" within the meaning of PURPA, so as to preclude recovery of an award for attorney's fees by PULP.

In opposition to the defendant's motion for reargument, the plaintiffs submitted several affidavits, each of which alleged that the CPB should not be considered an alternative means of representation under the statute, since the CPB had not participated in, contributed to, or otherwise represented the interests sought to be advanced by the plaintiffs. Indeed, it was alleged by an attorney, who at the time of the instant proceeding was the chairperson and executive director of the CPB, that the organization's involvement with respect to rate-making proceedings was strictly limited to certain non-PURPA issues, primarily because of budgetary constraints and the fact that the CPB "did not have sufficient representational resources to provide adequate and professional representation" in furtherance of the plaintiffs' position. That attorney maintained, moreover, that the CPB was neither organized nor funded to represent the interests of low-income utility consumers, to the exclusion of the interests of the general consumer, which often times conflicted.

By order entered June 24, 1985, Special Term, upon granting the defendant's motion for reargument, adhered to its original determination, except to the extent that it conditioned the plaintiffs' entitlement to attorney's fees upon a demonstration by the plaintiffs that "no alternative means existed for assuring representation [of] plaintiffs' interests, as defined in 16 USC section 2632 (b)". These appeals ensued.

The first issue we were asked to consider is whether the plaintiffs are entitled to an award of attorney's fees under 16 USC § 2632 when, in fact, they were represented by a publicly funded law firm and, therefore, did not incur any actual legal expenses. The eligibility of publicly funded law firms to receive fee awards under PURPA has recently been considered in *United Tenants v Niagara Mohawk Power Corp.* (127 Misc 2d 957, *affd* 115 AD2d 978, *supra).* There, the court, in an opinion affirmed by the Appellate Division, Fourth Department, stated:

"Any requirement that the consumer must actually incur an expense for which compensation is recoverable would effectively eliminate low-income consumers from relief under PURPA § 122. Defendant's construction of the statute is unreasonable and contrary to congressional intent. A cursory review of section 122 reveals that it is designed to assure representation of persons who 'cannot afford to pay' the costs of intervention. (16 USC § 2632 [b] [2].) * * *

"This court concludes that adoption of a standard that would disqualify publicly funded law firms from the receipt of fee awards and costs of intervening in rate proceedings is not in the best interest of electric consumers of this State nor consonant with public policy. Public funds for legal services are not available in infinite quantity. Those firms who provide legal services to the poor do not have the public funds to serve all who ask. Priorities of service must be established based upon several factors. Clearly, the likelihood of compensation from an outside source would encourage such a firm to represent a client in that service area. Stated differently, the knowledge that a source of funds is not available might lower the position of such cases on the priority and cause the firm to intervene in less costly (perhaps less important) rate proceedings. The adoption of a per se standard barring compensation for those represented by publicly funded law firms would reduce, perhaps eliminate this source of representation for low-income consumers" *(United Tenants v Niagara Mohawk Power Corp., supra,* at pp 961-963).

We concur in the foregoing reasoning and accordingly hold that the plaintiffs are entitled to receive reasonable compensation for the attorney's fees generated by PULP as well as costs and disbursements as permitted by the statute *(see also, Matter of Rahmey v Blum,* 95 AD2d 294). We note, moreover, that Special Term was correct in ruling that any grants which were received from public sources and which were used by PULP in connection with the legal services rendered herein must be offset against the total amount of the fee award.

With respect to the issue of alternative means of intervention, the court in the *United Tenants* case correctly observed that the "existence of an alternative means can only be determined by reviewing the facts and circumstances of each proceeding as well as the interest to be represented in that proceeding" *(United Tenants v Niagara Mohawk Power Corp., supra,* at p 960).

Turning to the facts at bar, while the defendant argues that the CPB constituted an alternative means of representation,

thereby precluding the plaintiffs from recovering an award of attorney's fees, it is evident that although the CPB had intervened in the rate-making proceeding, its intervention was limited solely to certain non-PURPA issues. Moreover, because of inherent conflicts between the interests of plaintiffs as opposed to various other categories of utility consumers, the CPB could neither ethically, nor, because of budgetary constraints, adequately represent the interests and objectives sought to be advanced by the plaintiffs herein. Rather, it was the diligent efforts and substantial contributions of PULP which ultimately led to the adoption by the Public Service Commission of the electric rate standards involved at bar. The defendant has simply failed to demonstrate the existence of triable issues of fact regarding the alternative means criteria and we therefore hold that the plaintiffs are unconditionally entitled to receive an award of attorney's fees pursuant to the statute. Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.