■ In the Matter of CAROL CAMPAIN et al., Respondents, v MARLBORO CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellants.—Casey, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered January 15, 1987 in Ulster County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to enjoin respondents from preventing petitioner Eartha Campain from attending school without a certificate of immunization and awarded counsel fees.

As limited by respondents' brief, the issue on this appeal is whether Supreme Court abused its discretion when it granted counsel fees to petitioners pursuant to 42 USC § 1988. The underlying dispute between the parties arose when respondents refused to permit petitioner Eartha Campain, then age six, to attend school in respondents' school district without proof of immunization, as required by Public Health Law § 2164 (7) (a). Petitioner Carol Campain, Eartha's mother, claimed that since immunization would conflict with her "conscientiously held religious, moral and spiritual convictions", the exception contained in Public Health Law § 2164 (9) was applicable, permitting Eartha to attend school without proof of immunization. This claim was rejected by respondents on the ground that the statute applied only where a parent belongs to a recognized religious organization whose teachings prohibit immunization. After pursuing available administrative remedies, petitioners commenced this CPLR article 78 proceeding, alleging that respondents' determination violated certain rights guaranteed by State statute and the Federal Constitution. Based upon the Federal claims, petitioners asserted jurisdiction under 42 USC § 1983 and requested counsel fees under 42 USC § 1988.

Supreme Court held that, to avoid a conflict with the freedom of religion guarantee in the First Amendment, the exemptions contained in Public Health Law § 2164 (9) must be construed as covering persons who hold sincere religious beliefs that immunization is wrong, irrespective of whether those persons belong to a recognized religious organization whose teachings oppose immunization. On the issue of counsel fees, Supreme Court initially denied petitioners' request, but upon reargument, counsel fees were awarded to petitioners, and respondents appeal.

Respondents concede that the 1976 Civil Rights Attorneys' Fees Awards Act (42 USC § 1988) is applicable in these circumstances (see, Matter of Johnson v Blum, 58 NY2d 454, 458, n 2). Respondents also concede that in applying the Act, New

York follows the Federal rule under which the prevailing party ordinarily recovers counsel fees " 'unless special circumstances would render such an award unjust' " *(supra,* at 457, n 1, 458). It is respondents' contention that their good-faith reliance upon the plain wording of the statutory exemption and upon a prior decision of this court *(see, McCartney v Austin,* 31 AD2d 370) constitutes a "special circumstance" which would render an award of counsel fees unjust. We agree with Supreme Court that good faith alone is not a special circumstance which prevents an award of counsel fees.

One of the remedial policies underlying 42 USC § 1988 is an intent "to facilitate access to the judicial process for victims of civil rights violations who might not otherwise be able to afford it because either no money was involved or if financial recovery was available, the sum involved did not warrant the expense of the litigation required to secure their rights" *(Matter of Johnson v Blum, supra,* at 458). The fact that respondents may have acted in good faith bears no relationship to this policy goal. While the Court of Appeals also recognized the deterrent effect of an award of counsel fees *(supra),* we do not read this as a limitation on the court's authority to award counsel fees under 42 USC § 1988 *(supra,* at 459), particularly since an award of punitive damages, a far more effective deterrent, may be available in cases of evil motive or intent, or reckless or callous indifference to the Federally protected rights of others *(see, Smith v Wade,* 461 US 30).

In *State Communities Aid Assn. v Regan* (112 AD2d 681, 684, *appeal dismissed* 66 NY2d 759), we held that since the defendants' actions were not malicious, there was an adequate basis for Supreme Court's exercise of discretion in denying an award of counsel fees under State Finance Law § 123-g, but we also found that special circumstances which would prevent such an award under 42 USC § 1988 had not been demonstrated. Generally, Federal courts have refused to recognize good faith as a special circumstance requiring denial of counsel fees under 42 USC § 1988 *(see, e.g., Rose v Heintz,* 806 F2d 389; *Williams v Alioto,* 625 F2d 845, *cert denied* 450 US 1012; *Population Servs. Intl. v Carey,* 476 F Supp 4). Accordingly, we affirm Supreme Court's judgment.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.