■ JOHN GIARRUSSO, Appellant, et al., Plaintiff, v CITY OF ALBANY et al., Respondents.—Mercure, J. Appeal from that part of an order of the Supreme Court (Prior Jr., J.), entered May 16, 1989 in Albany County, which denied plaintiff John Giarrusso's motion for counsel fees.

In October 1980 plaintiffs, John Giarrusso (hereinafter plaintiff) and his brother, Carl Giarrusso, commenced suit against defendants, the City of Albany, its police department and Officer Richard P. Maniscalco, for false arrest, malicious prosecution and violation of plaintiffs' civil rights under 42 USC § 1983. Following a trial in October 1988, the jury returned a verdict in favor of plaintiff in the amount of $12,000 on his false arrest claim and $12,000 on his 42 USC § 1983 claim. Plaintiff was also awarded $13,000 in punitive damages against Maniscalco. Thereafter, plaintiff moved for counsel fees pursuant to 42 USC § 1988 in the amount of $48,656.25 and defendants cross-moved to set aside the award of punitive damages. Supreme Court denied plaintiff's application for counsel fees and granted defendants' motion. Plaintiff now appeals from that part of the order denying his application for counsel fees.

The prevailing party in an action or proceeding brought pursuant to 42 USC § 1983 "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust" (Newman v Piggie Park Enters., 390 US 400, 402). Because defendants have failed to meet their burden of establishing special circumstances (see, supra; Matter of John-

*son v Blum,* 58 NY2d 454, 457, n 1, 458; *Matter of Campain v Marlboro Cent. School Dist. Bd. of Educ.,* 138 AD2d 914, 914-915; *State Communities Aid Assn. v Regan,* 112 AD2d 681, 683-684, *appeal dismissed* 66 NY2d 759, *appeal dismissed, lv denied* 69 NY2d 821), Supreme Court abused its discretion in denying plaintiff's application for counsel fees *(see, State Communities Aid Assn. v Regan, supra,* at 684; *cf., Annunziato v The Gan,* 744 F2d 244, 253-254). The criticism raised by Supreme Court that the case "could have been successfully prosecuted [more quickly] and with significantly less legal work", while relevant in determining the amount of counsel fees to be awarded to plaintiff, does not affect plaintiff's entitlement to such an award. Therefore, the case should be remitted to Supreme Court so that reasonable counsel fees can be determined in accordance with the factors and considerations set forth in *Matter of Rahmey v Blum* (95 AD2d 294) *(see, Matter of Johnson v Blum, supra; see also, United States Football League v National Football League,* 887 F2d 408, 415, *cert denied* 493 US 1071; *Johnson v Georgia Highway Express,* 488 F2d 714).

In determining the reasonableness of the hours claimed, the court should ordinarily require contemporaneous time records *(see, Matter of Rahmey v Blum, supra,* at 300; *but see, Matter of Karp [Cooper],* 145 AD2d 208, 216) and may call upon its own knowledge and experience *(see, Matter of Rahmey v Blum, supra).* The hours reasonably spent on the fee application *(supra,* at 301) and in litigating an appeal *(see, Perkins v Town of Huntington,* 117 AD2d 726, 727) are compensable, but the court may consider whether the time devoted to these functions was unreasonable in view of the circumstances of the case *(see, Matter of Rahmey v Blum, supra,* at 300-301). Contrary to defendants' assertion, a contingent fee agreement does not impose an automatic ceiling on an award of counsel fees but may aid in determining reasonableness *(see, Blanchard v Bergeron,* 489 US 87, 93). Finally, given the relatively straightforward nature of this case, there does not appear to be any justification for an upward adjustment in the "lodestar figure", which represents "the product of reasonable hours times a reasonable rate" *(Pennsylvania v Delaware Val. Citizens' Council,* 478 US 546, 565; *see, Blum v Stenson,* 465 US 886, 899; *Krieger v Gold Bond Bldg. Prods.,* 863 F2d 1091, 1099).

Mahoney, P. J., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff John Giarrusso, by reversing so much thereof as

denied said plaintiff's motion; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.