[606 NYS2d 378]

In the Matter of JAMAL THOMAS, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Appellant.

Third Department, December 30, 1993

---

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Victor Paladino* and *Nancy A. Spiegel* of counsel), for appellant.

*David C. Leven,* Albany *(Karen L. Murtagh-Monks* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J. P.

Petitioner, an inmate at the Great Meadow Correctional Facility in Washington County, was initially found guilty after a Superintendent's hearing of six charges that he violated prison disciplinary rules. Petitioner subsequently initiated a CPLR article 78 proceeding challenging the determination. In his answer, respondent conceded that petitioner had been denied his right under departmental regulations to call wit-

nesses and requested that the court order a new hearing. The parties then entered into a stipulation providing for annulment of the determination and allowing for a rehearing. A second hearing resulted in petitioner being found guilty of three of the original six charges. Prisoners' Legal Services, which had represented petitioner in the CPLR article 78 proceeding, moved for an award of counsel fees pursuant to CPLR article 86. Supreme Court found that petitioner was entitled to counsel fees and awarded Prisoners' Legal Services $5,000. Respondent appeals.

■ Initially, we reject respondent's contention that counsel fees may not be awarded to petitioner because, having been represented by Prisoners' Legal Services free of charge, he did not "incur" any fees. The unambiguous intent of CPLR article 86 is to create a mechanism authorizing the recovery of counsel fees similar to the provisions of Federal law contained in 28 USC § 2412 (d) and the significant body of case law that has evolved thereunder (CPLR 8600; *see,* Governor's Approval Mem, 1989 NY Legis Ann, at 335-337). Federal courts have overwhelmingly interpreted 28 USC § 2412 (d), in light of the act's legislative history and for reasons of public policy, to allow for the payment of counsel fees when a party is represented by a legal service or other *pro bono* organization *(see, Watford v Heckler,* 765 F2d 1562, 1567, n 6; *Cornella v Schweiker,* 728 F2d 978, 986-987; *DiGennaro v Bowen,* 666 F Supp 426, 430-431; *San Filippo v Secretary of Health & Human Servs.,* 564 F Supp 173, 176). Similar language has been interpreted to authorize an award of counsel fees to a prevailing litigant who obtained free legal assistance and thus did not become legally obligated to pay the fees *(see, Maplewood Mgt. v Best,* 143 AD2d 978 [interpreting Real Property Law § 234]; *Rodriguez v Orange & Rockland Utils.,* 123 AD2d 613, 615-616; *United Tenants v Niagara Mohawk Power Corp.,* 127 Misc 2d 957, *affd on opn below* 115 AD2d 978 [interpreting 16 USC § 2632]; *Matter of Greenpoint Hosp. Community Bd. v New York City Health & Hosps. Corp.,* 114 AD2d 1028, 1032 [interpreting Judiciary Law § 753]; *Matter of Rahmey v Blum,* 95 AD2d 294 [interpreting 42 USC § 1988]).

Neither can it be said that Supreme Court abused its discretion in rejecting respondent's claim that special circumstances made an award unjust *(see,* CPLR 8601 [a]). Respondent's argument that petitioner does not have clean hands because he was found guilty of violating disciplinary rules following the rehearing is without merit. The cases cited by

respondent are inapposite. In *Oguachuba v Immigration & Naturalization Serv.* (706 F2d 93), the petitioner prolonged the legal battle to deport him and the court noted that the petitioner could have avoided the incarceration in question by voluntarily returning to his own country. Similarly, in *Taylor v United States* (815 F2d 249), the petitioner used his status in the military based upon an involuntary extension of his enlistment to avoid pretrial detention in Spain and thus purposefully undertook affirmative activity that took advantage of the very government misconduct he later challenged in court. Conversely, in the instant case a second hearing was necessitated by denial of petitioner's right to call witnesses, rather than any misconduct on petitioner's part. Nor did petitioner affirmatively use the procedures available for his own purposes and then reject them when it was to his advantage.

■ Finally, respondent contends that Supreme Court's failure to specify the basis for the amount of the award requires remittal for a determination of a reasonable fee. We agree. We note that Supreme Court may consider reconstructed time records under the circumstances of this case *(see, Riordan v Nationwide Mut. Fire Ins. Co.,* 977 F2d 47; *Giarrusso v City of Albany,* 174 AD2d 840; *Matter of Karp [Cooper],* 145 AD2d 208, 216) and should be guided by the factors and considerations delineated in the analytical framework set forth in *Matter of Rahmey v Blum* (95 AD2d 294, *supra)* in light of the limitations imposed by *Pierce v Underwood* (487 US 552, 571-574).* Although the limitations imposed in *Pierce* were based upon the language in 28 USC § 2412 limiting the rate paid for counsel fees unless a special factor justifies a higher rate, and no such language appears in CPLR article 86, it is clear that in enacting the New York State Equal Access to Justice Act, the Legislature intended that counsel fees would be calculated as in *Pierce (see,* Governor's Approval Mem, *op. cit.;* letter of Member of Assembly Schimminger to Counsel to Governor, Bill Jacket, L 1989, ch 770).

CARDONA, WHITE, MAHONEY and CASEY, JJ., concur.

---

* The United States Supreme Court has limited the so-called "lodestar" approach used in *Rahmey* in calculating counsel fees under 28 USC § 2412 (d) by eliminating any adjustments in the hourly rate of the fee paid based upon factors such as novelty and difficulty of the issues or the ability of counsel that are applicable to litigation in general *(see, Pierce v Underwood,* 487 US 552, 571-574, *supra).* On this record, we perceive no factors justifying enhancement of the "lodestar" fee in any event.

Ordered that the order is modified, on the law, without costs, by remitting to the Supreme Court for a redetermination of counsel fees in accordance with this Court's decision, and, as so modified, affirmed.