OPINION OF THE COURT

Per Curiam.

The issue on this appeal is the appropriate standard to be applied by the court before denying attorney’s fees under section 1988 of title 42 of the United States Code.
Petitioners brought this proceeding to challenge the validity of respondents’ rulings denying public assistance to petitioner’s minor children. The denial was based upon the State Commissioner’s Administrative Directive 80ADM-1 issued January 30, 1980. That directive, issued in response to our decision in Matter of Gunn v Blum (48 NY2d 58), provided that “in the absence of a demonstration of lack of need, financial assistance directed to dependent children may not be discontinued or reduced because their parents refuse to dispose of certain non-essential assets belonging to the parents.” It then went on to provide that it *457 did not apply to applicants. “When an applicant fails to dispose of an available resource * * * the entire family is ineligible for public assistance.” Because of the refusal of petitioner Johnson, and in the case of petitioner Stone, her husband, to dispose of automobiles, respondents denied assistance to their minor children and petitioners commenced this proceeding. Special Term ordered respondents to provide assistance to the minors, declaring that the directive violated the equal protection clauses of the United States and the New York Constitutions because it treated recipients and applicants unequally. The court denied petitioner’s request for attorney’s fees without explanation. The Appellate Division affirmed in a memorandum in which it held that allowance of counsel fees pursuant to the 1976 Civil Rights Attorney’s Fees Awards Act (US Code, tit 42, § 1988), was discretionary (83 AD2d 731).
Section 1983 of title 42 imposes liability on those who under color of law, custom or usage of any State or territory deprive citizens of the United States or other persons of any rights, privileges or immunities secured by the Federal Constitution and laws. Section 1988 was enacted in 1976 and provides in pertinent part: “In any action or proceeding to enforce a provision of section[s] * * * 1983 * * * the court, in its discretion,[1]may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.” It is settled that attorney’s fees may be awarded pursuant to section 1988 in a State court proceeding (Maine v Thiboutot, 448 US 1, 11; see, also, New York Gaslight Club v Carey, 447 US 54, 66-70), and manifestly fees may be available where, as here, the court has decided in petitioners’ favor because the chal *458 lenged act violates their Federal constitutional rights.[2] Although some courts have held, as did the court in this case, that the decision whether to grant an award is entirely discretionary (see Matter of Bess v Toia, 66 AD2d 844), this is incorrect. Under the Newman-Northcross rule, which we follow, the prevailing party ordinarily should recover reasonable fees “unless special circumstances would render such an award unjust” (Newman v Piggie Park Enterprises, 390 US 400, 402; Northcross v Memphis Bd. of Educ., 412 US 427, 428; see, also, New York Gaslight Club v Carey, supra, at p 68). In Northcross, the Supreme Court recognized that in enacting the 1964 Civil Rights Act Congress intended to facilitate access to the judicial process for victims of civil rights violations who might not otherwise be able to afford it because either no money was involved or if financial recovery was available, the sum involved did not warrant the expense of the litigation required to secure their rights. It has also recognized that the imposition of attorney’s fees would help to insure that those who violate the Nation’s fundamental laws could not proceed with impunity (see Carey v Piphus, 435 US 247, 257, n 11). In essence, the Fees Act created a system of “private attorneys general” to vindicate the national policy who could be paid by an award of attorney’s fees for *459 representing a successful party (see Newman v Piggie Park Enterprises, supra; Northcross v Memphis Bd. of Educ., supra). These important remedial policies also motivated section 1988 of the 1976 act, and we should construe it broadly to require that respondents establish the special circumstances which militate against awarding a fee to a successful litigant (Mid-Hudson Legal Servs. v G & U, Inc., 578 F2d 34, 37-38). They do not meet that burden solely by submitting evidence that petitioner’s counsel is a publicly funded legal service organization (see Washington v Seattle School Dist. No. 1, 458 US_, 102 S Ct 3187; New York Gaslight Club v Carey, supra, at pp 70-71; Holley v Lavine, 605 F2d 638, cert den sub nom. Blum v Holley, 446 US 913; Rodriguez v Taylor, 569 F2d 1231, 1245), or that the relief afforded is personal to the petitioner (see Zarcone v Perry, 581 F2d 1039, 1042).
Accordingly, the judgment of Supreme Court insofar as appealed from and the order of the Appellate Division insofar as brought up for review should be reversed and the proceeding remitted to Supreme Court for the determination of counsel fees.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in Per Curiam opinion.
Judgment, insofar as appealed from, and order of the Appellate Division, insofar as brought up for review, reversed, with costs, and matter remitted to Supreme Court, Chemung County, for further proceedings in accordance with the opinion herein.

 The legislative history of section 1988 of the 1976 Civil Rights Attorney’s Fees Awards Act reveals that Congress was justifiably concerned about the meaning which various State and Federal courts would ascribe to the phrase “in its discretion”. Thus, in a commendable bit of foresight, Congress set forth precisely what it intended, to wit: “It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by the statutes covered by I the Fees Act], if successful, ‘should ordinarily recover an attorney’s fee unless special circumstances would render such an award unjust’. (Newman v. Piggie Park Enterprises, 390 U.S. 400, 402 (1968)).” (S Rep No. 94-1011, 94th Cong, 2d Sess, p 4 [19761; 1976 US Code Cong & Admin News, p 5912; see, also, HR Report No. 94-1558, 94th Cong, 2d Sess, pp 5, 8 [19761.)

. Fees may also be awarded even though relief is awarded on State grounds if petitioner seeks relief on both State grounds and Federal grounds. In such cases, Congress intended that fees may still be available under the act: “To the extent a plaintiff joins a claim under one of the federal statutes covered by the Fees Act with a claim that does not allow attorney fees, that plaintiff if it prevails on the non-fee claim, is entitled to a determination on the other claim [if nonconstitutional] for the purpose of awarding attorney fees. In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. In such cases, if the constitutional claim for which fees may be awarded meets the 2-pronged Gibbs test, attorney fees may be allowed even if the court doesn’t decide the constitutional question” (HR No. 1558, 94th Cong, 2d Sess, p 4, n 7). The “Gibbs test” (see Mine Workers v Gibbs, 383 US 715, 725) is the same as the test for pendent jurisdiction. It permits an award of attorney’s fees if (1) the Federal claim has substance sufficient to confer subject matter jurisdiction and (2) the Federal and non-Federal claims “derive from a common nucleus of operative fact.” The test for substantiality is set forth in Hagans v Lavine (415 US 528, 537-538) which held that a Federal court is without jurisdiction only if the claim is “wholly insubstantial”, “obviously frivolous” or “obviously without merit” (see, generally, Wolf, Pendent Jurisdiction, Multi-Claim Litigation and the 1976 Civil Rights Attorney’s Fees Awards Act, 2 Western New England L Rev 193, 234-240).