762

■ In the Matter of DIANE DUNN, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination of the respondent State Commissioner of Social Services, dated July 17, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce and then terminate petitioner's public assistance grant and not to replace her mutilated food stamps. Petition granted, determination annulled, on the law, without costs or disbursements, notices of intent to reduce and discontinue public assistance, dated April 28, 1981 and May 4, 1981 respectively, vacated, respondents are directed to restore any benefits withheld from petitioner pursuant to said notices, it is directed that upon presentation to the agency of her original receipt for mutilated food stamps, petitioner be awarded $7 worth of reissued stamps, and matter remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith. In this CPLR article 78 proceeding, the State commissioner has submitted an affidavit recommending settlement of the case and admitting the merits of some of the allegations of the petition. Neither the State commissioner nor the county commissioner has submitted a brief. Therefore, the relief requested has been granted. Inasmuch as the petitioner has been successful on her claim, which is cognizable under section 1983 of title 42 of the United States Code, the case must be remitted to Special Term to afford respondents an opportunity to demonstrate whether special circumstances exist which would bar an award of counsel fees (see US Code, tit 42, § 1988; *Matter of Johnson v Blum,* 58 NY2d 454) and, if not, to fix a reasonable fee in accordance with the guidelines set forth in *Matter of Rahmey v Blum* (95 AD2d 294). Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.