■ CHARLES JOSEPH, Respondent, v ANTHONY RUFFO, as Broome County Sheriff, Appellant. — Appeals (1) from an order of the Supreme Court at Trial Term (Kuhnen, J.), entered June 6, 1983 in Broome County, which declared defendant's "Minimum Standards for Jail Visitors" to be invalid, (2) from an order of said court at Special Term, entered June 22, 1983 in Broome County, which granted plaintiff's motion for reargument of the prior order and, upon reargument, ruled that plaintiff was entitled to attorneys' fees, and (3) from an order of said court at Trial Term, entered August 18, 1983 in Broome County, which awarded plaintiff $8,910 in attorneys' fees. ¶ By letter dated December 29, 1980, plaintiff, a lay minister, was informed by then Broome County Sheriff John Andrews* and jail chaplain Phillip Singer that his jail visiting privileges were suspended as of January 4, 1981 due to his alleged failure to comply with certain jail visitation regulations entitled "Minimum Standards for Jail Visitors" (hereafter minimum standards). Thereafter, plaintiff commenced this action pursuant to section 1983 of title 42 of the United States Code, alleging that the minimum standards and the appeals board established thereunder violated plaintiff's right of religious freedom, contrary to the First Amendment to the United States Constitution as applied to the States by the Fourteenth Amendment. Plaintiff sought a declaration that the minimum standards were unconstitutional, an order directing defendant to readmit plaintiff to the Broome County Jail for the purpose of providing religious counseling, and an award for counsel fees pursuant to section 1988 of title 42 of the United States Code. ¶ Following a nonjury trial in December, 1982, the trial court issued an order, dated May 18, 1983, wherein it held that the minimum standards were invalid on the ground that they unlawfully delegated the Sheriff's responsibilities regarding jail visitation to the jail chaplain in violation of section 500-j of the Correction Law. The trial court directed defendant to establish new regulations. The court did not address the constitutional issues raised by plaintiff, declined to direct defendant to restore plaintiff's visitation privileges and denied an award of counsel fees because its decision rested exclusively on State law. ¶ By motion dated May 26, 1983, plaintiff moved for reargument of the May 18, 1983 order with respect to his right to counsel fees. By order entered June 22, 1983, Special Term granted the motion and, reversing its earlier determination regarding counsel fees, held

* Defendant Sheriff Anthony Ruffo succeeded Sheriff Andrews on January 1, 1981 and carried out the terms of the suspension order.

that plaintiff was entitled to attorneys' fees and instructed plaintiff to submit affidavits of legal services provided and a fee request. By order entered August 18, 1983, the fees were set at $8,910 and defendant was ordered to pay that sum. These appeals by defendant from all of the orders ensued. ¶ Section 1988 of title 42 of the United States Code provides, in pertinent part, that "the court, in its discretion, may allow *the prevailing party,* other than the United States, a reasonable attorney's fee as part of the costs" incurred in civil rights litigation (emphasis added). The United States Supreme Court in *Hensley v Eckerhart* (461 US 424, ___, 103 S Ct 1933, 1939, quoting *Nadeau v Helgemoe,* 581 F2d 275, 278-279) held that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any *significant issue* in litigation which achieves some of the benefit the parties sought in bringing suit" (emphasis added). Accordingly, our analysis must determine if plaintiff is a prevailing party, since, as defendant contends, he was unsuccessful in obtaining all of the relief he sought, i.e., the court did not grant either a declaratory judgment declaring the Sheriff's policy to be unconstitutional or an order directing defendant to readmit plaintiff to the jail. Rather, the court merely held that the minimum standards were invalid because they improperly delegated the Sheriff's responsibilities to the jail chaplin. Next, if we conclude that plaintiff is a prevailing party, we must also find that his limited success in the action was on a significant issue. ¶ While it is true, as defendant contends, that plaintiff did not obtain all of the relief he sought, it is equally true that under the liberal pleading rules of CPLR 3026, the complaint's allegation that the Sheriff wrongfully "delegated the decisions as to what religious preferences are to be expressed * * * to the jail chaplain" sets forth a cause of action pursuant to CPLR 3013 directly and personally related to the civil rights which plaintiff alleges were abused by the act of defendant. Since the trial court resolved this issue in plaintiff's favor, we conclude that plaintiff is a prevailing party within the meaning of section 1988 of title 42 of the United States Code, despite his limited success. We also hold that plaintiff prevailed on a significant issue (*Hensley v Eckerhart, supra*) and that defendant failed to establish special circumstances which militate against awarding a fee to a successful litigant (see *Matter of Johnson v Blum,* 58 NY2d 454). ¶ Having determined plaintiff's entitlement to attorneys' fees, we are now required to review the trial court's discretion in modifying the initial estimate of the value of the lawyers' services arrived at by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, the so-called "lodestar" figure (see *Matter of Rahmey v Blum,* 95 AD2d 294, 303). In arriving at the fee of $8,910, which constituted a modification of the "lodestar" figure, the trial court reduced the number of hours that plaintiff's attorneys reasonably expended on the litigation and adjusted that reduced figure upward due to the contingency nature of the action. ¶ While we agree with the downward adjustment of the hours reasonably expended on the litigation since plaintiff's attorneys did not keep contemporaneous time records, and also agree with the upward adjustment of the "lodestar" fee to reflect the risk that no fee might be earned, we do not feel that the actual fee awarded is representative of the success achieved. Where, as here, plaintiff has achieved only partial or limited success, an attorney's fee based upon the product of hours reasonably spent times a reasonable hourly rate may be excessive, even when, again as here, the nonsuccessful claims are interrelated with the successful claims (*Hensley v Eckerhart, supra*). The trial court must consider the actual results plaintiff obtained in setting counsel fees, particularly when, as here, plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. ¶ Next, the Court of Appeals in *Matter of Johnson v Blum* (58 NY2d 454, 458, n 2, *supra*) cited a footnote to the House Congressional Report (HR No. 1558, 94th Cong, 2d Sess, p 4, n 7)

pertaining to section 1988 which, in pertinent part, states: "In some instances * * * the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. In such cases, if the constitutional claim for which fees may be awarded meets the 2-pronged *Gibbs* test, attorney fees may be allowed even if the court doesn't decide the constitutional question." In this case, the two-pronged *Gibbs* test (see *Mine Workers v Gibbs,* 383 US 715, 725) was satisfied since the constitutional claims plaintiff raised were meritorious and derived from the same common facts as the statutory claim. Thus, while the award of attorneys' fees is justified under both the *Gibbs* test and the *Matter of Johnson v Blum (supra)* rationale, the fee must be refined in accordance with the degree of success obtained in keeping with the instructions of the United States Supreme Court in *Hensley v Eckerhart (supra),* which was handed down several months after *Johnson* and is, therefore binding upon this court. ¶ Although a downward reduction of the fee is not necessarily required, it is clear from this record that the trial court did not consider the limited level of success that plaintiff achieved, particularly his failure to succeed on the Federal constitutional issue. The challenged determination rests solely on State statutory grounds (see Correction Law, § 500-j). ¶ Order entered June 6, 1983, as modified by order entered June 22, 1983, affirmed, without costs. ¶ Order entered June 22, 1983 affirmed, without costs. ¶ Order entered August 18, 1983 reversed, on the law and the facts, without costs, and matter remitted to Trial Term for recalculation of plaintiff's award of attorneys' fees in a manner not inconsistent herewith. Mahoney, P. J., Kane, Main, Weiss and Harvey, JJ., concur.