OPINION OF THE COURT
Samuel Greenstein, J.
The only issue remaining before the court in this proceeding under CPLR article 78 is whether the petitioner is entitled to recover attorneys’ fees pursuant to 42 USC §§ 1983 and 1988.
Petitioner was informed in late June 1987 that his public assistance grant under the Aid to Families with Dependent Children program (A.F.D.C.), 42 USC § 601 et seq., was being terminated due to his alleged possession of excess resources. Petitioner timely requested a fair hearing.
The New York State Department of Social Services (the State agency) directed the New York City Department of Social Services (the local agency) to continue petitioner’s grant pending the outcome of the hearing, as per Goldberg v Kelly (397 US 254 [1970]). The local agency failed to issue benefits to petitioner after July 6, 1987 due to a computer error. The local agency at that time was transferring its entire case load of approximately one million cases to a new computerized system.
Petitioner commenced this article 78 proceeding on September 13, 1987 to compel the respondent State and City Commissioners to provide him with a full grant pending the fair hearing decision and to award attorneys’ fees.
On September 18, 1987, Justice Rader issued an interim order directing the local agency to issue a grant to petitioner for the period of July 6, 1987 to September 23, 1987. Those benefits were paid. The only issue remaining is whether an award of attorneys’ fees is warranted.
42 USC § 1983 permits any party deprived of a right secured by the Federal Constitution or by Federal statute by a person acting under color of law to sue such person for redress.
Section 1988, enacted in 1976, permits the award of attorneys’ fees to the prevailing party, other than the United States, in any action or proceeding to enforce a provision of section 1983. Such fees are generally to be awarded to the prevailing party on a section 1983 claim, barring special *989 circumstances (Matter of Johnson v Blum, 58 NY2d 454 [1983]).
A municipality or local government is a person for purposes of section 1983 and is not immune from suit (Monell v New York City Dept. of Social Servs., 436 US 658 [1978], overruling Monroe v Pape, 365 US 167 [1961]). A local government may be sued for a deprivation of a Federal constitutional right and/or a Federal statutory right either in the Federal courts or in the State courts (Maine v Thiboutot, 448 US 1 [1980]).
Not every violation of rights by a local government, however, gives rise to a cognizable section 1983 claim: "Instead, it is when execution of a government’s policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.” (Monell v New York City Dept. of Social Servs., supra, at 694.)
The Appellate Division, First Department, stated in Broadway & 67th St. Corp. v City of New York (100 AD2d 478, 483 [1984] ) that: "There is a manifest difference between an established State procedure lacking due process and an isolated claim arising out of the alleged misconduct of individual State officials. * * * Otherwise every case involving alleged official misconduct would support a section 1983 civil rights action.”
The courts in several recent decisions have refused the award of attorneys’ fees under section 1988 when the injury claimed to have been inflicted by the local government was not found to have resulted from an official policy or procedure (Kross v Perales, Sup Ct, Kings County, Dec. 18, 1987, Rader, J., index No. 17755/87; Matter of Rashid [Perales], NYLJ, May 4, 1988, at 14, col 2 [Sup Ct, Kings County, Duberstein, J.]).
In the proceeding at hand, there was no official policy, either at the State or local agency level, which sanctioned the nonpayment to petitioner of his grant pending a fair hearing decision. Rather the nonpayment occurred because of a continuing computer error. The fact that the local agency did not act more expeditiously to issue manual payment to petitioner has not been shown to constitute an official policy or established procedure to refuse benefits.
Since the court concludes that petitioner did not assert a colorable section 1983 claim, the application for attorneys’ fees is denied.