OPINION OF THE COURT
Bellacosa, J.
 The Appellate Division reversed a $2,092 attorney’s fee granted to petitioner by Supreme Court against the State Department of Social Services (State DSS). The fee was awarded in connection with a lawsuit against the State DSS and the New York City Department of Social Services (City DSS) to restore petitioner’s public assistance benefits, which were unlawfully reduced pending a fair hearing. The case culminated in an out-of-court settlement, with a stipulated restoration of benefits. We agree with Supreme Court that petitioner qualified for an award of attorney’s fees under 42 USC § 1988 and that the State is properly chargeable for the payment. We therefore reverse the order of the Appellate Division.
In September 1987, respondent City DSS informed petitioner, a recipient of public assistance under the Aid to Families with Dependent Children (AFDC) program, that her benefits would be reduced to recover overpayments and an advance which had been issued to avoid utility shutoffs. Petitioner promptly wrote to the State DSS and requested a decision reversing the City DSS’s determination or, alternatively, a fair hearing. She also requested that the State DSS direct the City DSS to continue her benefits without reduction until a decision was rendered. The City DSS subsequently determined that a hearing would be required; nevertheless, it reduced petitioner’s benefits. She notified the State DSS and again requested that it direct the City DSS to restore her benefits and continue them until after her hearing. The State DSS next informed petitioner that it had sent the City DSS a *566 directive to continue her benefits pending a decision after hearing, and that a fair hearing had been scheduled for December 1. Petitioner’s benefits, however, remained at their reduced level. At the scheduled fair hearing, the Administrative Law Judge ordered the City attorney to direct the appropriate personnel to restore petitioner’s benefits, and adjourned the hearing at the City DSS’s request until January 19, 1988. The City DSS persisted in not restoring petitioner’s benefits despite several subsequent additional directives from the State DSS.
Petitioner, with the assistance of pro bona counsel, sued both DSS agencies on December 17, 1987, alleging that their failure to continue her benefits during the fair hearing process violated both the Federal and State Constitutions (US Const 5th, 14th Amends; NY Const, art XVII, § 1), Federal laws and regulations (42 USC §§ 602, 1983; 45 CFR 205.10 [a] [6]) and State laws and regulations (Social Services Law §§ 22, 343; 18 NYCRR 358.8 [former (c) (1)]). In addition, she alleged that the failure of the State DSS to compel the City DSS to pay continued benefits pending her fair hearing violated the duty of the State DSS under State law to supervise and enforce the AFDC program (Social Services Law § 34 [1], [2], [3] [d], [e]). Petitioner sought declaratory relief, restoration of past underpayments of benefits, an injunction against reduction of her benefits during the pendency of the hearing decision, and an award of reasonable attorney’s fees pursuant to 42 USC § 1988.
Prior to the scheduled fair hearing, the parties settled out of court. The State and City DSS agreed to restore petitioner’s benefits to their prereduction level pending a decision in her administrative appeal, and to repay her the amount of the retroactive shortfall. While there was no admission of liability by either respondent, the settlement agreement was expressly without prejudice to an application for attorney’s fees.
Petitioner thereafter moved for reasonable attorney’s fees of $2,091.66. Supreme Court concluded that she was a prevailing party for purposes of 42 USC § 1988 and awarded judgment in her favor against the State DSS, dismissing the application against the City DSS. The State DSS appealed. Petitioner did not cross-appeal as to the dismissal against the City DSS.
The Appellate Division reversed and denied the application for attorney’s fees against the State DSS (161 AD2d 646). It held that the controversy involved solely "the administrative *567 application of State statutes and regulations,” and that petitioner failed to show a "violation of any constitutional right, or violation by the State of any right created by Federal law” (id., at 647). Thus, she had no "bona fide civil rights claim pursuant to 42 USC § 1983 which would require an award of attorney’s fees” (id.). This Court granted petitioner leave to appeal.
We conclude that an award of attorney’s fees under section 1988 is available when an asserted Federal constitutional claim is "substantial” and is joined with State claims with which it has a "common nucleus of operative fact”, and when the claims are subsequently settled without specifying or fixing precise liability and settled without prejudice to an application for attorney’s fees. Petitioner’s case satisfies these criteria as against the State DSS.
Congress recognized that attorney’s fees are an "integral part of the remedy necessary to achieve compliance” with civil rights laws such as 42 USC § 1983 (S Rep No. 1011, 94th Cong, 2d Sess, at 3 [reprinted in 1976 US Code Cong & Admin News 5910]). In furtherance of that goal, Congress enacted the Civil Rights Attorney’s Fees Awards Act in 1976 (Pub L 94-559, § 2, codified at 42 USC § 1988), which authorizes courts in their discretion to allow the prevailing party a reasonable attorney’s fee in an action to enforce section 1983 or various other "civil rights” statutes.
In keeping with this remedial objective, we have liberally construed section 1988 (Matter of Johnson v Blum, 58 NY2d 454, 459). While the statute intones "discretion,” the legislative history and judicial precedents emphasize that “[a] party seeking to enforce the rights protected by the statutes covered by [section 1988], if successful, should ordinarily recover an attorney’s fee unless special circumstances would render such an award unjust.” (S Rep No. 1011, 94th Cong, 2d Sess, at 2, 4 [reprinted in 1976 US Code Cong & Admin News 5912], citing Newman v Piggie Park Enters., 390 US 400, 402; Matter of Johnson v Blum, 58 NY2d 454, 458, supra).
A wide variety of Federal rights are encompassed by section 1983 and can, therefore, qualify for a discretionary fee award under section 1988. Most obviously, rights secured by the Due Process Clause of the Fifth and Fourteenth Amendments are protected by section 1983. The predecessor to section 1983— section 1 of the Civil Rights Act of 1871 — was enacted specifically to enforce the provisions of the Fourteenth Amendment *568 (Ngiraingas v Sanchez, 495 US 182, 187, citing Quern v Jordan, 440 US 332, 354 [Brennan, J., concurring]). However, section 1983 protection is not restricted to constitutional rights. It also encompasses claims based on purely statutory violations of Federal law (Maine v Thiboutot, 448 US 1, 4). In Thiboutot, section 1983 was held to encompass a claim based on a violation of the Federal Social Security Act, 42 USC § 602 (a) (7) (see also, Rosado v Wyman, 397 US 397 [violation of 42 USC § 602 (a) (23)]; King v Smith, 392 US 309 [violation of 42 USC § 602 (a) (former 9)]; Edelman v Jordan, 415 US 651, 675; Koster v Perales, 903 F2d 131 [violation of 42 USC § 602 (a) (3)]). Importantly, this Court has recently concluded that violations of Federal regulatory provisions in the framework of out-of-court settlements can also support an award under section 1988 (Matter of Martinez v Perales, 77 NY2d 923, 925).
It is settled that a plaintiff need not obtain relief by judicial decree or formal judgment to obtain a section 1988 attorney’s fee award (Matter of Martinez v Perales, supra; Maher v Gagne, 448 US 122). Moreover, as we noted in Matter of Johnson v Blum (58 NY2d 454, supra), attorney’s fees are available under section 1988 where relief is sought on both State and Federal grounds, but nevertheless awarded on State grounds only. In such a case, if a constitutional question is involved, fees may be awarded if the constitutional claim is "substantial” and arises out of a " 'common nucleus of operative fact’ ” as the State claim (supra, at 458, n 2, citing Mine Workers v Gibbs, 383 US 715; HR Rep No. 1558, 94th Cong, 2d Sess, at 4, n 7).
Inasmuch as an attorney’s fee award is authorized when a favorable judgment is rendered on a State claim, we discern no justification for denying a fee — without any exercise of required discretion — when no formal adjudication is rendered on either State or Federal claims because a case is settled. Thus, in Matter of Martinez v Perales (77 NY2d 923, supra), we held that a petitioner who had asserted both Federal and State claims against the State and City DSS and agreed to a settlement that did not contain an admission of respondents’ liability on any specified claim qualified for an attorney’s fee award under section 1988. The same circumstances are present in this case although, significantly, the stipulation here expressly reserves "without prejudice” the right to make a "subsequent application for attorney’s fees.” Thus, the outright denial of a fee award by the Appellate Division, as the *569 appellant and amici strongly urge, contradicts congressional intent in enacting the Fees Awards Act. Failure to exercise appropriate discretion with respect to attorney’s fees for parties who settle disputes, without specifying or fixing liability for whatever reason, might discourage settlements and encourage bitter-end litigation, detrimental overall to the parties and the social services and judicial systems.
Petitioner sought relief on both State and Federal grounds. One of her Federal claims was that the failure of the State and City DSS "to provide continuation of petitioner’s full benefits during the pendency of her administrative review [was] arbitrary, capricious and violative of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution”. This claim is encompassed by section 1983 and can therefore serve as the basis for an attorney’s fee award under section 1988. Thus, under Johnson, the critical questions in this appeal distill to whether this constitutional claim is "substantial” and arises out of a "common nucleus of operative fact” as petitioner’s State claims.
The threshold for establishing substantiality of a Federal claim is minimal: the claim must not be "wholly insubstantial”, "obviously frivolous” or "obviously without merit.” (Hagans v Lavine, 415 US 528, 537-538; Matter of Johnson v Blum, 58 NY2d 454, 458, n 2, supra.) The Appellate Division held petitioner-appellant to a much higher standard, essentially requiring her to prove the merits of her Federal claims to qualify for discretionary consideration of an attorney’s fee —a burden she could not possibly meet because of the settlement.
 Petitioner’s constitutional claim is "substantial”. The United States Supreme Court has held that prehearing termination or suspension of AFDC benefits violates the 14th Amendment (Goldberg v Kelly, 397 US 254; Wheeler v Montgomery, 397 US 280). Since this Court and the United States Supreme Court have not yet considered whether reduction of AFDC benefits pending an administrative hearing violates Federal constitutional due process protections (see, Wheeler v Montgomery, supra, at 284-285 [Burger, Ch. J., dissenting]; Daniel v Goliday, 398 US 73), it can hardly be said that petitioner’s Federal constitutional question is "obviously frivolous” or "absolutely devoid of merit” (see, Almenares v Wyman, 453 F2d 1075). Moreover, the State and Federal claims asserted by petitioner arose out of a "common nucleus of *570 operative fact” — the failure by both respondents to continue or restore her benefits pending a fair hearing.
The State DSS nevertheless resists the imposition of attorney’s fees against it, arguing that while the City DSS may have violated petitioner’s rights, the State DSS did not and petitioner is therefore not a "prevailing party” against it. The State DSS argues that it did everything in its power to restore petitioner’s benefits, pointing to its repeated directives to the City DSS, its lack of administrative capacity to directly deliver the continuing aid petitioner sought, which was the responsibility of the local agency, and the fact that the City DSS ultimately restored petitioner’s aid pursuant to the settlement.
However, the AFDC administrative scheme creates an interconnected and inextricable chain of authority, with ultimate power reposed in the State DSS. The State, under Federal and State law, has the duty to supervise AFDC plans and is authorized to sanction local districts for failure to comply with State DSS rules (42 USC § 602 [a] [3]; Social Services Law §34 [3] [d]; §20 [3] [e]). Local social service commissioners "act on behalf of and as agents for the State. Each is a part of and the local arm of the single State administrative agency.” (Matter of Beaudoin v Toia, 45 NY2d 343, 347.) Imposing responsibility for attorney’s fees on the State DSS takes this structure into account and avoids evasion of responsibility by bureaucratic fingerpointing and red-tape shufflings (see, e.g., Matter of Zellweger v New York State Dept. of Social Servs., 74 NY2d 404; Matter of Sabot v Lavine, 42 NY2d 1068).
Finally, we note that the State DSS was a signatory to the stipulation of settlement and agreed to the relief accorded to petitioner to end the lawsuit. The settlement agreement provides that the respondents (State and City DSS) would "restore petitioner’s public assistance grant”, would "remit a retroactive public assistance grant” and would "correct this underpayment within two weeks of filing.” To allow the State DSS to escape from the plain import of this language would contravene the words and spirit of the Fees Awards Act, by discouraging the availability of needed legal assistance to individuals whose rights have been violated and who require vindication.
We cannot say on the state of the law and on the basis of this record that the Supreme Court abused its discretion by granting the attorney’s fee award to petitioner against the *571 State DSS (Matter of Martinez v Perales, 77 NY2d 923, supra; Matter of Unger v Blum, 117 AD2d 607).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order and judgment of Supreme Court, Queens County, reinstated.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, etc.