■ Rob P. Prior, Respondent-Appellant, v County of Saratoga et al., Appellants-Respondents. [664 NYS2d 871] —Peters, J. Cross appeals from a judgment of the Supreme Court (Keniry, J.), entered July 8, 1996 in Saratoga County, which, inter alia, awarded plaintiff counsel fees.

Claiming use of excessive force during his arrest by Shawn Nolan and Keith Clinton of the Saratoga County Sheriff's Department, plaintiff commenced this action alleging, inter alia, battery and Federal civil rights claims under the 4th, 5th and 14th Amendments to the US Constitution. Upon trial, a jury found that although Nolan used excessive force in the arrest, he did not intentionally or recklessly violate plaintiff's rights.* This resulted in an award of $5,000 for plaintiff's past, present and future pain and suffering, as well as $429.66 for medical expenses. Thereafter, plaintiff moved pursuant to 42 USC § 1988 for an award of counsel fees, contending that he was a "prevailing party". After Supreme Court rendered an award in the amount of $7,500, both parties appealed.

Pursuant to 42 USC § 1988, a "prevailing party" is entitled to an award of reasonable counsel fees to redress a violation of Federal constitutional rights (see, State of Maine v Thiboutot, 448 US 1, 4). Where relief is sought on both State and Federal grounds but granted only on the State claim, even if on a non-

* Clinton was absolved of any liability.

constitutional issue, counsel fees may still be awarded if the court determines that the Federal constitutional claim meets the two-pronged *Gibbs* test (*see, Mine Workers v Gibbs*, 383 US 715, 725). The underlying rational is that " ' "[i]n some instances * * * the claim * * * may involve a constitutional question which the courts are reluctant to resolve if the nonconstitutional claim is dispositive" ' " (*Joseph v Ruffo*, 101 AD2d 664, 666, *affd* 64 NY2d 980, quoting *Matter of Johnson v Blum*, 58 NY2d 454, 458, n 2).

Reviewing the first prong of the *Gibbs* test, which requires that the allegation have "substance sufficient to confer subject matter jurisdiction" (*Matter of Johnson v Blum, supra*, at 458, n 2), we find that both the facts and the verdict support the allegation that this claim was not " 'wholly insubstantial', 'obviously frivolous' or 'obviously without merit' " (*Matter of Thomasel v Perales*, 78 NY2d 561, 569, quoting *Hagens v Lavine*, 415 US 528, 537-538). As to the second prong, requiring both the Federal and non-Federal claims to be " 'derive[d] from a common nucleus of operative fact' " (*Matter of Johnson v Blum, supra*, at 458, n 2, quoting *Mine Workers v Gibbs, supra*, at 725), again it is clear that the causes of action arose as a result of excessive force allegations. Having determined that plaintiff was partially successful on the State claim and that the Federal allegations met the *Gibbs* test, we agree with Supreme Court that plaintiff was a "prevailing party" within the meaning of 42 USC § 1988 and thus entitled to an award of reasonable counsel fees (*see, Texas Teachers Assn. v Garland School Dist.*, 489 US 782, 791).

In determining the fee, however, we note that "the extent of a plaintiff's success is a crucial factor in determining the proper amount" (*Hensley v Eckerhart*, 461 US 424, 440), particularly when he succeeded on only some of his claims for relief (*see, Joseph v Ruffo, supra*, at 665). Under these circumstances, "an attorney's fee based upon the product of hours reasonably spent times a reasonable hourly rate may be excessive" (*id.*).

Since contemporaneous time records were submitted to Supreme Court in connection with this application and the court correctly noted the limited success on the nonconstitutional issue, we find the reduction of the $22,565.84 requested award to have been an appropriate exercise of discretion (*see, Hensley v Eckerhart, supra*, at 437). We therefore decline to disturb the judgment of Supreme Court.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.