OPINION OF THE COURT
Harold L. Galloway, J.
In this Mental Hygiene Law article. 81 proceeding all parties agree that a guardian for the person and property is necessary and proper. The alleged incompetent person (AIP), who is blind and mentally disabled, is presently under the care of the New York State Office of Mental Retardation and Development Disabilities (OMRDD) and residing in a foster home in Monroe County. This application specifically includes a request for the establishment of a supplemental needs trust for the AIP, which requires the appointment of a guardian. Supplemental needs trust assets can be used for such needs of a disabled person as are not covered by Medicaid, with any trust assets remaining after the recipient’s death to be paid first to the State to reimburse it for Medicaid payments made for the recipient’s benefit (Social Services Law § 366 [2] [b] [2] [iii] [A]).
The petitioner’s application herein was necessitated by the *314 AIP’s inheritance payable from the estate of her father, consisting of approximately $48,000 in funds from royalties which have been collected and set aside for her by the estate’s administrator. The funds were recovered several years after her father’s death through the efforts of substituted counsel for the father’s estate. OMRDD, however, has asserted a claim herein for these funds, demanding that they be paid to reimburse the State of New York for the Medicaid assistance “incorrectly paid” for the AIP’s past care and treatment, the cost of which exceeds the amount of the inheritance.[1]
For reasons discussed in Matter of Little (256 AD2d 1152 [4th Dept]) and the unreported decisions in Matter of Martin (Sup Ct, Kings County, June 19, 2000, Scholnick, J.), Matter of William S. (Sup Ct, Broome County, Jan. 28, 2000, Thomas, J.), and Matter of Sagendorph (Sur Ct, Columbia County, Oct. 7, 1999, Leaman, J.), the claim of OMRDD is denied. (See Matter of Banks, NYLJ, June 28, 2000, at 26, col 6; cf. Matter of Shah, 95 NY2d 148.) As these cases demonstrate, the AIP’s inherited funds are not available resources (18 NYCRR 360-4.4 [b] [1]) until there is dominion and control over them (see Matter of Dumbleton v Reed, 40 NY2d 586, 588). The relevant Department of Social Services Medicaid Reference Guide deems inheritances “windfalls,” to be considered income in the month of their receipt. This is consistent with 20 CFR 416.1201 (a), which states that “resources mean cash or other * * * personal property that an individual * * * owns and could convert to cash * * * (4) [including] inheritances, received by an individual.” Accordingly, following the precedent of the Fourth Department in Little (supra), OMRDD is not entitled to use the AIP’s inheritance to satisfy its Medicaid claim, as the benefits were not “incorrectly paid” due to the fact that the funds were not, and still are not, available to her. The funds will not be available until she has a guardian to take them on her behalf (SCPA 2220).
New York State Department of Social Services Administrative Directive 96 ADM-8 (at 14) provides for supplemental needs trusts for disabled people under the age of 65, such as the AIP here, assuming the disabled person’s representative pursues the resolution of a proceeding promptly to establish a *315 supplemental needs trust.[2] The argument that petitioner did not pursue the establishment of a supplemental needs trust promptly enough to satisfy Social Security Administration Policy Interpretation Ruling SSR 97-lp, regarding when inheritances become income, is without merit based on the complex history of the AIP’s father’s estate. It has taken years of effort to get the AIP’s inheritance issues resolved, as set forth in the affidavit of Mark S. Frey, Esq. The AIP’s father died October 16, 1990, the first administrator of his estate died in June of 1992, Frey replaced the first estate attorney (now deceased) in late 1995, no assets were obtained for the estate until June 1996, the AIP was not located until October 1997, the AIP was promptly visited by petitioner in November 1997, and an accounting was thereafter filed in May 1998 with the Surrogate’s Court in the County of New York, anticipating a guardian ad litem would be appointed therein for the AIP. After further proceedings, it was determined that a guardian under article 81 of the Mental Hygiene Law was needed here for the AIP, and these proceedings for that relief have been diligently pursued. Accordingly, under the unusual facts of this case, the guardian to be appointed herein may utilize the entire net proceeds due to the AIP from the estate of Art Blakey to establish a supplemental needs trust for the AIP pursuant to Social Services Law § 366 (2) (b) (2) (iii) (A).
The remaining question is whether or not the petitioner is entitled to attorney fees from the State simply because she is the “prevailing party.” She is. There is no question but that Medicaid rights are among those to which the Federal Civil Rights Attorney’s Fees Awards Act of 1976 applies, authorizing “courts in their discretion to allow the prevailing party a reasonable attorney’s fee in an action to enforce [42 USC §] 1983 or various other ‘civil rights’ statutes.” (Matter of Thomasel v Perales, 78 NY2d 561, 567.) The Court of Appeals explained in Thomasel (supra, at 567),
“In keeping with this remedial objective, we have liberally construed section 1988 (Matter of Johnson v Blum, 58 NY2d 454, 459). While the statute intones ‘discretion,’ the legislative history and judicial precedents emphasize that ‘[a] party seeking to enforce the rights protected by the statutes covered by [section 1988], if successful, should *316 ordinarily recover an attorney’s fee unless special circumstances would render such an award unjust.’ ”
The contention of OMRDD that its arguments have been made in good faith, in an area of the law that it considers unsettled, does not constitute “special circumstances” which would render an award of counsel fees unjust. (See Matter of Thomasel v Perales, supra; Matter of Campain v Marlboro Cent. School Dist. Bd. of Educ., 138 AD2d 914, 915.) Accordingly, and based on the affidavits of counsel for the petitioner, the petitioner is awarded reasonable counsel fees in the amount of $5,750 against the State for legal services necessary in defending against the claim of OMRDD. (42 USC § 1988; see Matter of Thomasel v Perales, supra, at 567-568; Matter of Johnson v Blum, 58 NY2d 454; cf. Matter of Gordon v Village of Monticello, 87 NY2d 124, 127.)
Finally, counsel for petitioner and the court evaluator will be required to meet with the court, on a date to be determined, to resolve the details regarding the person or persons to be appointed guardian(s) herein and the conditions of the appointment.

. OMRDD, within what it believes is its lawful discretion, has offered to waive recovery of one half of the AIP’s inheritance. That offer has been rejected to date.

. The OMRDD’s argument that petitioner, the AIP’s sister, has no standing has been considered and deemed without merit. (Siegel, NY Prac § 261 [3d ed].)