■ KNAPP & McCARTHY TAXI, INC., Doing Business as HUDSON TAXI, Respondent, v VILLAGE OF HASTINGS-ON-HUDSON, Appellant, et al., Defendant. [726 NYS2d 569] —In an action, *inter alia,* for a judgment declaring Village of Hastings-on-Hudson Code § 87-20 (A) (1) unconstitutional insofar as it requires holders of taxi cab licenses to maintain a central place of business within the corporate limits of the Village, the defendant Village of Hastings-on-Hudson appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), dated March 8, 2000, as granted the plaintiff's motion for an attorney's fee to the extent of awarding the plaintiff the sum of $27,051.96.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff brought this action, *inter alia,* for a judgment declaring Village of Hastings-on-Hudson Code § 87-20 (A) (1), which required a holder of a taxi cab license to maintain a central place of business within the corporate limits of the Village, to be in violation of General Municipal Law § 80 and various Federal constitutional provisions. After being awarded relief under General Municipal Law § 80, the plaintiff sought and was awarded an attorney's fee pursuant to 42 USC § 1988. We affirm.

Where, as here, a State claim is joined with a Federal constitutional claim that would permit an award of an attorney's fee pursuant to 42 USC § 1988, and the matter is resolved on the State claim without reaching the Federal constitutional claim, an award of an attorney's fee pursuant to 42 USC § 1988 may still be made if the Federal claim, although unresolved, is sufficient to meet the *"Gibbs* test" (*United Mine Workers v Gibbs,* 383 US 715, 725; *see, Matter of Johnson v Blum,* 58 NY2d 454). Under the *Gibbs* test, the Federal claim must have substance sufficient to confer subject matter jurisdiction on the Federal courts, and the Federal and non-Federal claims must "derive from a common nucleus of operative fact" (*United Mine Workers v Gibbs,* 383 US at 725; *see, Matter of Johnson v Blum,* 58 NY2d 454, 459). Here, contrary to the ap-

pellant's contention on appeal, the plaintiff's Federal claims were sufficient to meet the *Gibbs* test (*see, Matter of Johnson v Blum, supra; Hagans v Lavine,* 415 US 528).

The appellant's remaining contention is without merit. Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.