7 N.Y.3d 122 (2006)
850 N.E.2d 1147
818 N.Y.S.2d 171
TOWN OF MOUNT PLEASANT, Respondent,
v.
LEGION OF CHRIST, INC., Appellant.
Court of Appeals of New York.
Argued May 2, 2006.
Decided June 6, 2006.
*123 Shamberg Marwell Davis & Hollis, P.C., Mount Kisco (P. Daniel Hollis, III, John S. Marwell and Diana Bunin of counsel), and Bleakley Platt & Schmidt, LLP, White Plains (Hugh D. Fyfe of counsel), for appellant.
*124 Thacher Proffitt & Wood LLP, White Plains (Kevin J. Plunkett, Lino J. Sciarretta and Stefanie A. Bashar of counsel), for respondent.
*125 Robert L. Greene, Washington, DC, Anthony R. Picarello, Jr., and Derek L. Gaubatz for The Becket Fund for Religious Liberty, amicus curiae.
Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

*126 OPINION OF THE COURT
R.S. SMITH, J.
The Town of Mount Pleasant Code allows the use of a parcel of land for "[c]onference and training facilities." When this zoning was adopted the property was owned by International Business Machines Corporation (IBM), which used it to train its own employees, and rented it to others who made similar use of it. IBM sold the property to defendant, Legion of Christ, Inc. (the Legion), an order of the Roman Catholic Church, which uses the property for the training of future priests and for other religious education. Apart from the subject matter taught, the chief difference between IBM's use and the Legion's is that many of the people now being taught are in long-term programs and thus live on the property for a year or two. We hold that, despite this difference, the property is still being used for conference and training purposes within the meaning of the Town Code, and the Legion's use is therefore permitted as of right.

Facts and Procedural History
IBM acquired the 97-acre property sometime before 1983, when the Town created a new "Office Corporate Education" or "OB-CE" zoning district, coextensive with the property. A provision of the Town Code enacted in that year said that one of the purposes of the new district was to provide an "opportunity for private enterprise" to educate "the employees of major corporations" (Town of Mount Pleasant, Addendum to Zoning Book, June 28, 1983). IBM built a conference center on the property, which it used to train its employees.
IBM decided in the early 1990s that it wanted to rent out its conference center from time to time, and it asked for and was granted a change in the Town Code's description of the OB-CE district. A 1993 amendment eliminated the Code's reference to "private enterprise" and changed its language to refer to "the employees of major corporations and others" (see Town of Mount Pleasant Code § 218-74, as amended Feb. 9, 1993). After this zoning change, IBM rented the property to profit-making and nonprofit enterprises, including a university, a college and a church. These lessees used IBM's facility for conference and training purposes without objection from the Town.
The Town did object, however, when IBM sold the property to a tax exempt entity, the Legion, in 1996. (IBM also sold the Legion an adjacent parcel, which has been the subject of other litigation with the Town [see Matter of Legion of Christ v Town *127 of Mount Pleasant, 1 NY3d 406 (2004)].) Before the purchase, the Town warned the Legion that it would not be permitted to use the property at issue here for "a seminary," and after the purchase the Town began this action. The Town's complaint sought a judgment "[d]eclaring the use of the property . . . for religious purposes to be in violation of the applicable zoning," but the Townperhaps influenced by Congress's passage of the Religious Land Use and Institutionalized Persons Act (42 USC § 2000cc et seq. [RLUIPA]) while the action was pendinghas now abandoned its claim that religious use of the property is forbidden. The Town still argues, however, that the Legion is using the property as a college or seminary, and that it may not do so without a special permit.
The Legion has referred to the facility it operates on the property as "the Seminary for Higher Studies" and as "a College of Philosophy and Theology." It has discarded these terms, however, and now describes the facility as a "conference center" or "training center." It asserts that its use of the property is not materially different from IBM's. Apart from converting two rooms into chapels, the Legion has made few physical changes in the building: it uses the same bedrooms, the same rooms for preparing and serving food, the same classrooms, even the same weight room.
Those trained on the property by the Legion include "brothers in formation"members of the Legion who are studying philosophy as part of their lengthy preparation for the priesthood. These men may study and live on the property for as long as two years. A brother who completes the philosophy course receives what the Legion calls an "ecclesiastical degree," though the "degrees" are not authorized by the State and are accepted at few, if any, other institutions. The Legion also offers classes of shorter duration for diocesan priests and laypeople; these programs, which could reasonably be called conferences, may be as brief as a week, or a single day. When IBM owned the property, the courses were, apparently, all short-term; the record does not show that any instructional program was longer than six weeks, though people teaching or administering such programs were there for as long as six months at a time.
Supreme Court and the Appellate Division addressed two issues: whether the Legion's use complies with the Town Code and whether the Town's interpretation of the Code to prohibit that use violates RLUIPA. Supreme Court ruled in the Legion's favor on both issues and held that the Legion was entitled to attorneys' *128 fees; the Appellate Division reversed both rulings and denied attorneys' fees. We now hold that the Legion's use is lawful under the Town Code. We do not reach the RLUIPA issue, and we affirm the denial of attorneys' fees.

Discussion
The Town Code defines the "Permitted Principal Uses" of property in the OB-CE district as follows:
"1. Conference and training facilities to include but not be limited to:
"a. Continuing education activities and facilities.
"b. Classroom space and teaching equipment.
"c. Offices for staff.
"2. Indoor and outdoor physical recreational facilities.
"3. Housing and dining facilities provided that such facilities are not operated as a public hotel or public restaurant as defined in § 218-74F." (Town of Mount Pleasant Code, ch 218, Schedule of Regulations, Residence Districts IIIA.)
The Legion uses the property as the Town Code specifies. It conducts brief programs that could be labeled "[c]onference[s]" and it provides "training" to its brothers in formation and others. Substantially all of its activities consist of "[c]ontinuing education," and to that end it uses "[c]lassroom space," "teaching equipment" and "[o]ffices for staff." It also uses "[i]ndoor and outdoor physical recreational facilities," and "[h]ousing and dining facilities." In short, the Town Code definition might almost have been written to describe what the Legion does on the propertyand this is unsurprising, for it was written to describe what IBM did there, and the Legion does much the same thing.
The Legion provides religious training and education, while the activities of IBM and its tenants were largely secular, but the Town no longer claims that the Code forbids the Legion's use on that ground. In arguing that the Legion's use is significantly different from IBM's, the Town relies primarily on the duration of the Legion's residential programsup to two years, in contrast to the much shorter programs run by IBM and its tenants. The Town contends that an institution offering *129 a two-year course of study is better described as a college or seminary than as a conference and training center.
We reject the Town's argument. Nothing in the Town Code says or implies that only training programs of relatively short duration are permitted in the OB-CE district. Indeed, by specifically forbidding "hotel or public restaurant" use, the Town showed itself to be worried more about short-term than long-term visitors. We conclude that the property, as used by the Legion, is a conference and training center within the meaning of the Town Code. Whether it could also be called a college or a seminary is irrelevant.
We give a broad interpretation to the term "[c]onference and training facilities" not only because the Town Code defines the term broadly, but also because a broad reading does not injure any interest of the Town that can legitimately be protected by zoning. The longer duration of the Legion's programs appears to be completely harmless from the Town's point of view. The Town does not claim that the Legion's use of the property presents any traffic, health, safety or similar problem that was not also presented by IBM's use. Of course, there is one difference that is important to the Townthe Legion, unlike IBM, is tax exempt. But keeping property in taxpaying hands is not a legitimate purpose of zoning.
We therefore hold the Legion's use permitted under the Town Code. We do not need to, and do not, decide the RLUIPA question addressed by the courts below.
We affirm the Appellate Division's denial of attorneys' fees, which may be awarded under 42 USC § 1988 (b) to the prevailing party in an RLUIPA action. We recognize that at times, when a party asserts both state and federal claims and prevails on the former, it may be entitled either to a ruling on its federal claim for purposes of deciding the fee issue or to an award of fees even in the absence of a ruling on the federal claim (Matter of Johnson v Blum, 58 NY2d 454, 458 n 2 [1983]). That rule does not apply here, however. When this action was brought RLUIPA had not even been enacted, and the Legion then had available to it the state-law defense that we have found dispositive. The provision of state law on which this case turns is not a state counterpart to RLUIPA, but a local zoning code. It would distort reality to hold that the Legion is the "prevailing party" in an RLUIPA case.
Accordingly, the order of the Appellate Division should be modified, with costs to the Legion, by granting judgment declaring *130 that the Legion's use of the property is permitted as of right by the Town Code, and, as so modified, should be affirmed.
Order modified, etc.