# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**966**

**CA 14-00369**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

CERBERUS PROPERTIES, LLC AND SCOTT BULLOCK,
PETITIONERS-PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

GARY KIRKMIRE, IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF INSPECTION AND COMPLIANCE SERVICES
OF CITY OF ROCHESTER AND CITY OF ROCHESTER,
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

SANTIAGO BURGER ANNECHINO LLP, ROCHESTER (MICHAEL A. BURGER OF
COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.

T. ANDREW BROWN, CORPORATION COUNSEL, ROCHESTER (SARA L. VALENCIA OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered May 2, 2013 in a CPLR article 78 proceeding and declaratory judgment action.  The order denied the motion of petitioners-plaintiffs for attorney's fees.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the matter is remitted to Supreme Court, Monroe County, to determine the amount of reasonable attorney's fees to be awarded pursuant to 42 USC § 1988.

Memorandum:  Petitioners-plaintiffs (plaintiffs) appeal from an order denying their motion seeking an award of attorney's fees pursuant to 42 USC § 1988.  Plaintiffs made the motion after prevailing in their hybrid CPLR article 78 proceeding/declaratory judgment action against respondents-defendants (defendants).  In that proceeding/action, Supreme Court (Van Strydonck, J.) determined, inter alia, that the decision of defendant Gary Kirkmire—the director of inspection and compliance services for defendant City of Rochester (City)—"to suspend and remove [plaintiffs] from the approved list of certified lead inspectors was in violation of lawful procedure." Although the court did not award monetary damages to plaintiffs, it ordered that plaintiffs "be returned to the approved list of clearance examiners."  Defendants did not appeal from the court's judgment, and plaintiffs thereafter moved for an award of attorney's fees.  Owing to the impending retirement of the Supreme Court Justice who entertained the underlying action, the motion was transferred to another Supreme Court Justice (Odorisi, J.), who denied the motion because, in his

view, the case did "not involve a substantial constitutional federal question."  We now reverse.

The governing statute, 42 USC § 1988 (b), provides that, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . ."  "Although some courts have held, as did the court in this case, that the decision whether to grant an award is entirely discretionary . . . this is incorrect . . . [T]he prevailing party ordinarily should recover reasonable fees 'unless special circumstances would render such an award unjust' " (*Matter of Johnson v Blum*, 58 NY2d 454, 458, quoting *Newman v Piggie Park Enterprises*, 390 US 400, 402).  Where, as here, "relief is sought on both State and Federal grounds, but nevertheless awarded on State grounds only," attorney's fees may be awarded if a constitutional question is involved and such question is "substantial and arises out of a common nucleus of operative facts as the State claim" (*Matter of Thomasel v Perales*, 78 NY2d 561, 568 [internal quotation marks omitted]; *see Matter of Giaquinto v Commissioner of N.Y. State Dept. of Health*, 11 NY3d 179, 191).  "The threshold for establishing substantiality of a Federal claim is minimal:  the claim must not be 'wholly insubstantial,' 'obviously frivolous' or 'obviously without merit' " (*Thomasel*, 78 NY2d at 569, quoting *Hagans v Lavine*, 415 US 528, 537-538).

Here, we agree with plaintiffs that they are entitled to an award of attorney's fees under 42 USC § 1988 (b).  Their petition/complaint clearly alleged a federal constitutional claim under the Due Process Clause and 42 USC § 1983.  Although the court did not reach the federal constitutional claim because it ruled for plaintiffs on state grounds, the claim was not " 'wholly insubstantial,' 'obviously frivolous' or 'obviously without merit' " (*Thomasel*, 78 NY2d at 569), inasmuch as the court concluded that defendants' removal of plaintiffs from the list of approved contractors was made in "violation of lawful procedure."  Moreover, the federal constitutional claim arose "out of a common nucleus of operative fact as the State claim," and defendants did not assert or establish—nor did the court find—that "special circumstances" exist that would render an award of attorney's fees unjust.

We note that defendants' primary contention on appeal is that plaintiffs did not allege a viable due process claim because plaintiffs do not have a *liberty interest* in remaining on the list of City-approved contractors.  Defendants rely on case law holding that "one must have no ability to practice one's profession at all in order to state a claim for deprivation of a liberty interest" (*Rodriquez v Margotta*, 71 F Supp 2d 289, 296, *affd* 225 F3d 646).  Plaintiffs never asserted, however, that defendants' actions infringed upon their liberty interests.  Instead, plaintiffs alleged, and established, a deprivation of their property rights inasmuch as plaintiffs were deprived of the opportunity to earn money by performing inspections in the City of Rochester, and defendants do not dispute that their actions deprived plaintiffs of property rights.

    We thus conclude that the court abused its discretion in denying plaintiffs' motion seeking an award of attorney's fees, and we therefore reverse the order and remit the matter to Supreme Court for a determination of the reasonable value of such fees.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court