Matter of Dechbery v Cassano (2018 NY Slip Op 00228)





Matter of Dechbery v Cassano


2018 NY Slip Op 00228


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5430 100216/14

[*1]In re Eileen Dechbery, Petitioner-Appellant,
v
Salvatore J. Cassano, etc., et al., Respondents-Respondents.


Law Offices Robert N. Felix, New York (Robert N. Felix of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Max O. McCann of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Shlomo Hagler, J.), entered July 8, 2016, insofar as it denied petitioner Eileen Dechbery's request for attorneys' fees in this article 78 proceeding, unanimously affirmed, without costs.
The court properly exercised its discretion in denying petitioner attorneys' fees for this proceeding seeking to vindicate her rights pursuant to Civil Service Law § 71. The general rule is that in Article 78 proceedings, "the prevailing party may not collect [attorneys' fees] from the loser unless an award is authorized by agreement between the parties or by statute or by court rule" (Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]). A petitioner in an Article 78 proceeding may be entitled to attorneys' fees under 42 USC § 1988 where she asserts a substantial federal constitutional claim (see Matter of Thomasel v Perales, 78 NY2d 561 [1991]).
Petitioner is not entitled to an award of attorney's fees as she has not successfully asserted a substantial federal constitutional claim in the proceeding. Although she alleges that her due process rights were violated, the mere fact that respondents mailed her notice of termination letter to her prior address does not constitute a violation of her due process rights as she was provided with post-termination due process (see Santiago v Newburgh Enlarged City Sch. Dist., 434 F Supp 2d 193, 198 [SD NY 2006]).
Additionally, petitioner has failed to establish her entitlement to an award of attorneys' fees under the New York State Equal Access to Justice Act (CPLR Article 86) (see Matter of Cintron v Calogero, 99 AD3d 456, 457 [1st Dept 2012], lv denied 22 NY3d 855 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK