Board of Trustees of The Vil. of Groton v Pirro (2019 NY Slip Op 02406)





Board of Trustees of The Vil. of Groton v Pirro


2019 NY Slip Op 02406


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

527334

[*1]BOARD OF TRUSTEES OF THE VILLAGE OF GROTON, Respondent,
v
NORFE J. PIRRO et al., Appellants.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Maines Firm, PLLC, Ithaca (Russell E. Maines of counsel), for appellants.
Barney Grossman Dubow & Troy, LLP, Ithaca (William J. Troy III of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Rowley, J.), entered November 29, 2017 in Tompkins County, which partially granted defendants' motion for counsel fees.
This case comes before us for a second time (152 AD3d 149 [2017]). In September 2015, plaintiff commenced an action against defendants to abate asserted public nuisances associated with certain rental properties owned by defendants in violation of Local Law No. 4 (2014) of the Village of Groton, entitled the "Property and Building Nuisance Law" (hereinafter the Nuisance Law). Defendants answered, raising various affirmative defenses, and commenced a CPLR article 78 proceeding seeking a permanent injunction to enjoin enforcement of the Nuisance Law. Supreme Court (Rumsey, J.) partially granted defendants' motion for summary judgment by finding that a portion of the Nuisance Law establishing administrative remedies was unconstitutional, and enjoining enforcement of that article, but otherwise denied the motion. On defendants' appeal, this Court declared that the Nuisance Law was "overbroad and facially invalid under the First Amendment" and granted defendants summary judgment dismissing the complaint (id. at 160-161).
At issue here is defendants' ensuing application for an award of counsel fees pursuant to 42 USC § 1988 (b), which permits a prevailing party in certain civil rights actions to recover reasonable counsel fees (see Matter of Johnson v Blum, 58 NY2d 454, 457 [1983]). To that end, defendants moved for an award of $25,320 based on over 80 hours of services provided at a requested rate of $300 per hour. Supreme Court granted the motion to the extent of awarding defendants $7,500, representing 25 hours of legal services at $300 per hour. Defendants appeal.
Initially, we readily find, and it is not seriously disputed, that defendants are the prevailing parties for purposes of a fee award under 42 USC § 1988 (see id. at 457-458). As a rule, "the prevailing party ordinarily should recover reasonable fees unless special circumstances would render such an award unjust" (id. at 458 [internal quotation marks and citation omitted]). [*2]The Court of Appeals has instructed that "we should construe [section 1988] broadly to require that [the opposing party] establish the special circumstances which militate against awarding a fee to a successful litigant" (id. at 459). In effect, a reasonable fee is determined by multiplying a reasonable hourly rate by a reasonable number of hours expended on a case, taking into account the case-specific variables (see Arbor Hill Concerned Citizens Neighborhood Ass'n v County of Albany and Albany County Bd. of Elections, 522 F3d 182, 186-190 [2008]). Among the variables to consider are the skill and experience of the attorney and the complexity of the case.
This standard in mind, the difficulty we confront is that Supreme Court provided no explanation for the award. As such, we will undertake an independent assessment based on the record presented. In his supporting affidavit, defendants' counsel represented that he had more than 15 years of experience and focused his practice "on land use and constitutional issues." Defendants also submitted an affidavit from another attorney in Tompkins County opining that the market rate for defendants' attorney would range from $300 to $325 per hour. Notably, unlike cases in which a litigant is unable to pay counsel directly, defendants retained counsel at a negotiated rate that increased from $175 per hour to $195 per hour as the case proceeded. We recognize that counsel did not prevail on every argument raised, and that the American Civil Liberties Union Foundation, as amicus curiae, participated in challenging the constitutionality of the Nuisance Law. That said, as our prior decision illustrates, this was a complex case and defendants were successful. Under the circumstances presented, we conclude that the reasonable hourly rate is the graduated retainer rate that counsel actually charged defendants. We further conclude that the 84.4 hours expended as set forth in counsel's invoice were within reason and effective. Accordingly, we award defendants the total sum of $15,660 (an additional $8,160). A claim, if any, for additional fees based on services provided on the fee application and this appeal should be addressed to Supreme Court.
Garry, P.J., Egan Jr. and Devine, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by increasing defendants' counsel fee award to $15,660, and, as so modified, affirmed.